UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-00458 (UNA) |
| | ) | |
| | ) | |
| D.C. ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**
**OPINION**

This matter is before the court on *pro se* petitioner's application for leave to proceed *in forma pauperis*, ECF No. 2, petition for a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, and 6919-page supplement, ECF No. 4. The court will grant petitioner leave to proceed *in forma pauperis* and, for the reasons discussed below, dismiss the petition for lack of jurisdiction.

According to the petition, in the Circuit Court of Winnebago County, Illinois, on petitioner's conviction of three counts of aggravated criminal sexual abuse, the court imposed separate four-year terms of imprisonment on each count to run consecutively. The court's judgment was affirmed, *see generally People v. Gakuba*, 2017 IL App (2d) 150744-U, 2017 WL 1278078 (Ill. App. Ct. Mar. 31, 2017), and the Illinois Supreme Court denied leave to appeal, *see People v. Gakuba*, No. 122289, 2017 WL 4386407 (Ill. Sept. 27, 2017).

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before obtaining review, a petitioner must first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1). The petition may proceed only "in the district court for the

district wherein such person is in custody or in the district court for the district [where] the State court was held which convicted and sentenced [petitioner][,] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). And if the petition is a second or successive one, the petitioner first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Given the number of post-conviction petitions and motions this petitioner has admittedly filed, he may well have exhausted his state remedies. If, as it appears, petitioner has filed at least one § 2254 petition already, *see Gakuba v. Brannon*, No. 17 C 50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018) (denying § 2254 petition and declining to issue certificate of appealability), the petition before this court is a second or successive petition that no district court may entertain without petitioner first having obtained authorization from the United States Court of Appeals for the Seventh Circuit, *see Gakuba v. Doe*, No. 22-CV-1039, 2022 WL 561669, at *5 (S.D.N.Y. Feb. 22, 2022) ("[B]ecause this Court lacks jurisdiction to adjudicate Petitioner's uncertified successive section 2254 petition, the Court dismisses it without prejudice for want of jurisdiction.").

Even if the Seventh Circuit authorized a district court's consideration of a second or successive petition, petitioner cannot overcome the last obstacle. Notwithstanding petitioner's current residence in the District of Columbia, because he was convicted in and sentenced by a state court within the Northern District of Illinois, the District of Columbia lacks jurisdiction under 28 U.S.C. § 2244(b)(3)(A). An order accompanies this memorandum opinion.

Date:   April 13, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge