UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  23-00458 (UNA) |
| | ) | |
| | ) | |
| D.C. ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On April 13, 2023, the Court dismissed this action for a writ of habeas corpus for lack of jurisdiction.  *See* Mem. Op., ECF No. 5; Order, ECF No. 6.  On April 28, 2023, the Court denied Petitioner's motion to alter or amend judgment, *see* Order, ECF No. 8, and Petitioner appealed.  The D.C. Circuit is holding the appeal in abeyance pending notification that this court has issued either a certificate of appealability (COA) or a statement why a COA should not issue.  Order, No. 23-7053 (D.C. Cir. May 3, 2023), ECF No. 12.  Petitioner has since moved for a COA, which will be denied.

Under the provisions governing habeas corpus proceedings, an appeal of a final order "may not be taken to the court of appeals" absent a COA, which may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A "substantial showing" includes "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  If the certificate is granted, the

Court must specify which issues raise a substantial showing. *United States v. Weaver*, 195 F.3d 52, 53 (D.C. Cir. 1999).

When a habeas petition is denied "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue [if] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [if] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. But

> where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id*. This Court finds no reasonably debatable question surrounding the jurisdictional and statutory barriers to reviewing Petitioner's Illinois conviction, *see* Mem. Op. at 1-2, and thus no basis for issuing a COA.

Accordingly, it is

**ORDERED** that Petitioner's Motion for a Certificate of Appealability, ECF No. 14, is **DENIED**.

The Clerk of Court shall transmit this order promptly to the Court of Appeals.

                                                  /s/
                                    CHRISTOPHER R. COOPER
                                    United States District Judge

Date: January 23, 2024